1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN NEWLAND COMMUNITIES, L.P., et al.,<br><br>                                    Plaintiffs,<br><br>          vs.<br><br><br>AXIS SPECIALTY INSURANCE COMPANY,<br><br>                                    Defendant. | CASE NO. 11CV1217 JLS (WMC)<br><br>**ORDER (1) DENYING MOTION TO DISMISS OR TRANSFER; (2) GRANTING, IN THE ALTERNATIVE, MOTION TO STAY; (3) DENYING, IN THE ALTERNATIVE, MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); AND (4) DENYING AS MOOT MOTIONS TO STRIKE AND REQUEST FOR JUDICIAL NOTICE**<br><br>(ECF Nos. 6, 17, 18, 19) |

          Presently before the Court is Defendant Axis Specialty Insurance Company's ("Defendant" or "Axis") motion to dismiss, stay or transfer for improper venue or in the alternative to transfer for convenience pursuant to 28 U.S.C. § 1404(a).  (Mot. to Dismiss, ECF No. 6)  Also before the Court is American Newland Communities, LP; Newland IHP Ventures, LLC; Newland Real Estate Group, LLC; Terrabrook Vista Lakes, L.P.; Terrabrook Vista Lakes GP, LLC; and Westerra Management, L.L.C.'s (collectively, "Insureds") response in opposition (Resp. in Opp'n, ECF No. 12), and Defendant's reply in support, (Reply in Supp., ECF No. 17).  Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to stay.

## BACKGROUND

          The instant case involves a declaratory judgment action regarding an insurance dispute, namely, whether Defendant has a duty to defend the Insureds in several underlying actions alleging damages arising from the purchase of homes that were allegedly built on or immediately adjacent to a former military bombing range.  (Compl. ¶ 1, ECF No. 1-1)

1    On April 8, 2011 Defendant filed a declaratory judgment action in the Southern District of

2    California; that action was voluntarily dismissed by Defendant on April 27, 2011.  (Resp. in Opp'n

3    3, ECF No. 12)

4    Subsequently, on May 6, 2011, Defendant filed a second declaratory judgment action, this

5    time in the Middle District of Florida ("Florida Action").  (*Id.*); (Mot. to Dismiss 2, ECF No. 6)

6    That complaint "seeks a declaration that [Defendant] is not required to provide liability coverage

7    and a defense to plaintiffs in the Underlying Florida Actions under the terms and conditions of the

8    Policy . . . and is entitled to recoupment of the costs incurred in the defense of the non-covered

9    claims in the underlying lawsuits."  (Mot. to Dismiss 2, ECF No. 6)  In addition to all but one of

10   the Insureds named as plaintiffs in the instant complaint, the Florida Action names several of the

11   representative plaintiffs in the underlying actions.  (*Id.* at 2–3)

12   Three days—but just one business day—after the Florida Action was filed, on May 9,

13   2011, the Insureds filed a complaint for declaratory relief in the Superior Court of the State of

14   California for the County of San Diego ("California Action"), seeking a declaration that Defendant

15   was required to defend the Insureds in the underlying actions.  (Compl., ECF No. 1-1)  The

16   complaint did not name any of the plaintiffs in the underlying actions as defendants.  (*See id.*)

17   Defendant removed the complaint to this Court on June 3, 2011.  (Not. Removal, ECF No. 1)

18   **LEGAL STANDARD**

19   "[T]he well-established 'first to file rule[]' . . . allows a district court to transfer, stay, or

20   dismiss an action when a similar complaint has already been filed in another federal court."

21   *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  "In applying this rule, a

22   court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of

23   the parties; and (3) the similarity of the issues."  *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218

24   F.R.D. 663, 665 (N.D. Cal. 2003).

25   Although the first to file rule "should not be disregarded lightly," *Church of Scientology v.*

26   *U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), the district court has discretion to

27   disregard the first to file rule in the interest of equity when there are circumstances of bad faith,

28   anticipatory suit, or forum shopping, *Alltrade*, 946 F.2d at 628 (citations omitted).  "A court may

1    also refuse to apply the first to file rule if the balance of convenience weighs in favor of the later-

2    filed action." *Z-Line Designs*, 281 F.R.D. at 665. However, "the respective convenience of the

3    two courts[] 'normally . . . should be addressed to the court in the first-filed action.'" *Alltrade*,

4    946 F.2d at 628 (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)).

5                                            **ANALYSIS**

6    **1. First to File Rule**

7    *A. Chronology of the Two Actions*

8          Defendant's action pending in the Middle District of Florida was indisputably filed prior to

9    the Insureds' complaint in the California Action. The fact that Defendant's action was filed just

10   three days, or one business day, prior to the Insureds' action does not defeat the Court's finding

11   that chronologically, Defendant's action was filed first. *See Z-Line Designs*, 218 F.R.D. at 665

12   (finding the chronology requirement met where one complaint was filed two days before the

13   other).[1]

14   *B. Similarity of the Parties*

15         Although the parties in the action before this Court and in the action before the Middle

16   District of Florida court are not identical, they are similar. In the Florida Action, Axis named the

17   following defendants: American Newland Communities, L.P. ("American Newland"); Newland

18   Communities, LLC; Terrabrook Vista Lakes L.P.; Terrabrook Vista Lakes GP, LLC; Westerra

19   Management, LLC; and several of the plaintiffs from the underlying actions. (Ex. B at 4, ECF No.

20   6-2)[2] All of these defendants except the plaintiffs from the underlying actions are named plaintiffs

21   in the California Action before this Court. However, the California Action includes one additional

22   plaintiff who is not a party to the Florida Action: Newland IHP Ventures, LLC "(Newland IHP").

23         The Insureds argue that the first to file rule is inapplicable here because the parties in the

24   two pending actions are not identical. (Resp. in Opp'n 4, ECF No. 12) In addition to the absence

25   ─────────────────────

26        [1] The Insureds argue that their complaint should be deemed the first-filed action, or,
     alternatively, that the order of the filings should be given little weight here. (Resp. in Opp'n 3–4, ECF
27   No. 12) Rather than rely on a fiction that the Insureds' complaint was first filed, however, the Court
     will construe this position as an argument that, should the Court find that the first to file rule applies,
28   an exception to the first to file rule should be applied in this case. *See infra* at 5.

          [2] Pinpoint citations to exhibits refer to the page number assigned by CM/ECF.

1    of the underlying plaintiffs from the California Action and Newland IHP's absence from the

2    Florida Action, the Insureds argue that American Newland is "likely to be dismissed from the Axis

3    Florida Action due to the Florida court's lack of personal jurisdiction over it."  (*Id.*)[3]

4          Even assuming Florida cannot exercise personal jurisdiction over American Newland and

5    Newland IHP is not added as a party to the Florida Action, the presence or absence of certain

6    parties from the pending actions is not dispositive as "exact identity is not required to satisfy the

7    first-to-file rule.  The rule is satisfied if some [of] the parties in one matter are also in the other

8    matter, regardless of whether there are additional unmatched parties in one or both matters."

9    *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal.

10   2008) (citing *Kerotest Mfg. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31 (3d Cir. 1951); *Inherent.com*

11   *v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *Dumas v. Major League*

12   *Baseball Props., Inc.*, 52 F. Supp. 2d 1183, 1189 (S.D. Cal. 1999), *vacated on other grounds by*,

13   104 F. Supp. 2d 1224 (S.D. Cal. 2000), *aff'd*, 300 F.3d 1083 (9th Cir. 2002)); *see also British*

14   *Telecomms.*, 1993 U.S. Dist. LEXIS 6345, at *13 ("*Alltrade* . . . does not stand for a blanket rule

15   ───────────────────

16   [3] The parties needlessly spill much ink disputing whether the Florida court can exercise
     personal jurisdiction over American Newland, a dispute which underlies several other pending
17   motions before this Court.  The Court notes that an opposed motion to dismiss for lack of personal
     jurisdiction is in fact currently pending before the Florida court.  However, the Court declines to
18   examine whether the Florida court can exercise jurisdiction over American Newland; such a
     determination is not necessary for the Court to render a decision on the present motion, and further,

19

20          Considering the nature of this dispute and the superior experience the [Middle
            District of Florida] has in ruling on issues concerning its own jurisdiction, it would
21          be presumptuous for this court to decline to apply the first-to-file rule when the court
            whose jurisdiction is being challenged has not had an opportunity to fully consider
22          the issue.

23   *British Telecomms. plc v. McDonnell Douglass Corp.*, No. C-93-0677, 1993 U.S. Dist. LEXIS 6345,
     at *12 (N.D. Cal. May 3, 1993).

24          Because the Court declines to consider whether the Florida court can exercise jurisdiction over
     American Newland, it has no need to rely and has not relied on the declaration of Dolores A. Valle,
25   Axis's response in opposition to the motion to dismiss for lack of personal jurisdiction filed in the
     Florida Action, or the declaration and supporting exhibits of Michael A. Kienan.  Accordingly,
26   Defendant's motion to strike the declaration of Dolores A. Valle in support of opposition to motion
     to dismiss, stay or transfer is **DENIED AS MOOT**, (Mot. to Strike, ECF No. 18); Defendant's request
27   for judicial notice of Axis's response in opposition to certain defendants' motion to dismiss filed in
     the Florida Action and the declaration and supporting exhibits of Michael A. Kienan is **DENIED AS**
28   **MOOT**, (Req. Jud. Notice, ECF No. 17-1); and American Newland's motion to strike certain exhibits
     is **DENIED AS MOOT**, (Mot. to Strike, ECF No. 19).

1   that there must be strict identity of parties for the first-to-file rule to apply.").  Here, at least five of

2   the parties are identical between the two actions.  Thus, the Court finds that there is substantial

3   overlap and similarity between the parties such that the first to file rule may apply.

4   *C. Similarity of the Issues*

5        The Insureds do not contest and the Court concludes that the issues in the Florida and

6   California Actions are similar.  Both actions seek a declaration as to Axis's duty to defend the

7   underlying actions.  As with the similarity of parties requirement, the similarity of issues

8   requirement does not require that the issues in the two actions be identical.  Thus, the fact that

9   Axis also seeks a declaration that it is entitled to recoupment of costs in the Florida Action—an

10  issue that is not before this Court—does not alter the Court's conclusion that the issues in the two

11  pending actions are sufficiently similar for the first to file rule to apply.

12  **2. Exceptions to First to File Rule**

13       Having determined that the threshold requirements for the first to file rule apply to the

14  instant case, the Court next considers whether an exception should apply to preclude its

15  application.  The Insureds make several arguments for why the first to file rule should not be

16  applied here.

17       First, the Insureds contend that the order of the filings should be given little weight because

18  Defendant's action was filed just one business day before the present action.  (*Id.*)  Courts have

19  indeed declined to apply the first to file rule where "the timeline shows that the first party to file

20  merely nosed ahead in its race to the courthouse," typically through the application of an exception

21  to the rule where it appears the first-filed suit was anticipatory.  *Geltech Solutions, Inc. v. Marteal,*

22  *Ltd.*, No. 09-CV-81027, 2010 U.S. Dist. LEXIS 44118, at *20 (S.D. Fla. May 5, 2010).  Here,

23  however, it does not appear to the Court that Defendant's Florida Action was filed merely in

24  anticipation of the Insureds' action; in fact, Defendant had previously filed a similar action in

25  California a full month prior to the Insured's filing.  As such, the Court finds no justification for

26  affording the order of the two filings "little or no weight," *id.*, despite the close proximity in time.

27       Second, according to the Insureds, Defendant has engaged in "blatant" forum shopping

28  given that it originally chose the Southern District of California as the forum for this litigation and

only voluntarily dismissed and refiled in the Middle District of Florida after learning which judge was assigned to the case in its original filing.  (Resp. in Opp'n 4–5, ECF No. 12)   Thus, they argue that the first to file rule should not apply here because it was Defendant's acts of dismissing and then refiling its complaint in a different district that created the potential for duplicative litigation that Defendant now complains of.  (*Id.* at 4)

While Defendant's filing pattern does raise questions regarding its motives, Defendant provides several plausible justifications for its decision to refile in the Middle District of Florida, and as such the Court cannot conclude that it acted in bad faith or engaged in forum shopping.  For example, Defendant indicates that Florida is a logical forum for the instant dispute because it is the venue of all of the underlying actions, the events giving rise to those actions all took place in Florida, the underlying actions all involve violations of Florida law, and any witnesses are located in Florida.  Thus, despite Defendant's bait and switch, the Court declines to exercise its discretion to disregard the first to file rule on this basis. *See British Telecomm.*, 1993 U.S. Dist. LEXIS 6345, at *10.

Third and finally, the Insureds assert that the Court should relax the first to file rule here because the balance of convenience weighs in favor of the California Action.  (Resp. in Opp'n 6, ECF No. 12)  Specifically, the Insureds contend that California is a more convenient forum because it would be inconvenient for the Insureds to litigate in Florida rather than their home state of California, (*id.* at 6–7), and that Defendant's initial filing in California "is a tacit admission that this form was an appropriate and convenient forum for Axis itself," (*id.* at 6).  For the reasons given above, however, Defendant also points to several convenience factors weighing in favor of Florida being the more convenient forum.  Thus, because consideration of the respective convenience of the two courts is typically addressed to the court in the first-filed action, *Alltrade*, 946 F.2d at 628, and because the Court finds that the balance of convenience is neutral or at most only slightly more favorable to the California forum, it declines to exercise its discretion to depart from the first to file rule here.

//

//

1   **3. Dismissal or Stay**

2        Because the threshold requirements for the first to file rule are met and no exceptions

3   apply, the question becomes whether to dismiss or stay the case.  Although a district court may, in

4   its discretion, dismiss the second-filed action in applying the first to file rule, where there is

5   "jurisdictional uncertainty," *Alltrade*, 946 F.2d at 628, or "where the first-filed action presents a

6   likelihood of dismissal, the second-filed suit should be stayed rather than dismissed," *id.* at 629.

7   Here, without positing on the Florida court's ability to exercise jurisdiction, the Court finds that a

8   stay is more appropriate given the uncertainty of the outcome of the issues before the Middle

9   District of Florida.  Should the Florida court determine that it lacks jurisdiction to hear the matter

10  or choose to exercise its discretion to apply an exception to the first-to-file rule based on the

11  balance of convenience and transfer the case to this district, the Court may then lift the stay and

12  proceed.

13  **CONCLUSION**

14       For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss or to

15  transfer based on the first to file rule, and **GRANTS** Defendant's motion, in the alternative, to

16  stay.  It is **HEREBY ORDERED** that this action is **STAYED** pending further order from the

17  Court.  Having decided to stay the action, Defendant's alternative motion to transfer pursuant to 28

18  U.S.C. § 1404(a) is **DENIED**.

19       **IT IS SO ORDERED.**

20  DATED:  November 7, 2011

21  _____
Honorable Janis L. Sammartino
United States District Judge

- 7 -

11cv1217